IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tami Taylor-Sammons,

    Plaintiff,

  v.                            Case No. 2:05-cv-740

Dr. Manraj Bath

OPINION AND ORDER

    This is an action filed by plaintiff Tami Taylor-Sammons against defendant Dr. Manraj Bath, her former employer. The complaint includes claims under Ohio law for breach of an employment contract; promissory estoppel; sex discrimination in violation of Ohio Rev. Code Chapter 4112, including disparate treatment, creating a hostile work environment, and wrongful termination; intentional infliction of emotional distress; and fraud. The action was originally filed in the Court of Common Pleas of Fairfield County, Ohio on June 29, 2005. On August 3, 2005, the defendant filed a notice of removal of the action to this court based on the theory that plaintiff's claims are completely preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. This matter is now before the court on plaintiff's motion to remand the action to state court.

I. Requirements for Complete Preemption under ERISA

    The provisions of 28 U.S.C. §1441 permit a defendant to remove an action from state to federal court when the federal district court has "original jurisdiction founded on a claim or right arising under" federal law. 28 U.S.C. §1441(b). Peters v. Lincoln Electric Co., 285 F.3d 456, 465 (6th Cir. 2002). The removing defendant bears the burden of proving that the plaintiff's claims

are preempted by ERISA.  <u>Passcack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan</u>, 388 F.3d 393, 401 (3d Cir. 2004).

In determining whether an action is removable under §1441(b), the "well-pleaded complaint rule" usually applies.  <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470 (1998).  Under this rule, "a cause of action arises under federal law only when the plaintiffs' well-pleaded complaint raises issues of federal law." <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987).  For removal to be appropriate, a federal question must appear on the face of the complaint.  <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9-10 (1983).

However, a "complete preemption exception" to the "well-pleaded complaint rule" has been recognized in cases where Congress' intent in enacting a federal statutory scheme was to completely preempt state law and create federal jurisdiction under 28 U.S.C. §1331.  <u>Peters</u>, 285 F.3d at 467-68.  Under this exception, a complaint may be removed to federal court and will be treated as alleging a federal cause of action for purposes of removal even though the complaint, on its fact, alleges only a state law cause of action.  <u>Id</u>. at 468, n. 11.

In regard to the removal of claims allegedly preempted by ERISA, the Supreme Court held in <u>Taylor</u> that the "complete preemption exception" applies to a state law claim which meets two requirements: (1) the claim "relates to" an ERISA plan within the meaning of 29 U.S.C. §1144(a), ERISA's preemption provision; and (2) the claim falls within the scope of ERISA's enforcement provision, 29 U.S.C. §1132(a).  <u>Taylor</u>, 481 U.S. at 66; <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 24

2

(1983).  If the state law claim both "relates to" an ERISA plan within the meaning of §1144(a) and falls within the scope of ERISA's civil enforcement provisions found in §1132(a), then the state law claim is completely preempted by ERISA and converted to a federal question for purposes of removal jurisdiction.  Taylor, 381 U.S. at 66.

The mere fact that ERISA preemption under §1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal.  Taylor, 481 U.S. at 64-67 (even if state law claim "relates to" an ERISA plan and is preempted by §1144(a), complaint is not removable unless it is also encompassed within ERISA's civil enforcement scheme).  Removal and preemption are two distinct concepts, and the mere fact that a claim is preempted by ERISA under §1144 does not mean that it is automatically removable.  Wright v. General Motors Corp., 262 F.3d 610, 614 (6th Cir. 2001); Warner v. Ford Motor Co., 46 F.3d 531, 534-5 (6th Cir. 1995).  Section 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule.  Wright, 262 F.3d at 614; Warner, 46 F.3d at 534.

A state law claim is removable to federal court only if it is completely preempted.  Warner, 46 F.3d at 534.  In order to come within the well-pleaded complaint rule, the state law claim must be capable of being characterized as an ERISA enforcement action under §1132(a).  Id.  Thus, state law claims outside the scope of §1132(a)(1)(B) are not subject to removal even though the state law at issue may "relate to" an ERISA plan so as to be preempted under §1144(a).  Wright, 262 F.3d at 614.

3

If both conditions for complete preemption are not met, the federal court does not have subject matter jurisdiction and the case must be remanded to state court.  Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998).  In a case involving state claims not covered by §1132(a), even if the defendant has a defense of "conflict preemption" within the meaning of §1144(a), the district court, being without subject matter jurisdiction, cannot rule on the preemption issue and must remand the case to state court where the preemption issue can be addressed and resolved.  Id. at 655; Wright, 262 F.3d at 615 (declining to rule on §1144(a) preemption issue, noting that state courts are competent to decide whether ERISA has preempted the state law claims);  Warner, 46 F.3d at 535 (federal preemption defense in nonremovable cases decided in state court).

II. Statutory Preemption under 29 U.S.C. §1144(a)

The first requirement for complete preemption is that the claim fall within the scope of ERISA's preemption provision, which states that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as defined by ERISA.  29 U.S.C. §1144(a).  ERISA preempts state laws relating to "employee benefit plans," not simply "employee benefits."  Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 7 (1987).  An "employee benefit plan" includes "any plan ... or program ... maintained by an employer ... for the purpose of providing ... medical ... benefits, or benefits in the event of sickness[]  29 U.S.C. §1002(1).

For preemption to occur, there must be an ERISA plan implicated in the action.  However, the mere existence of an ERISA

4

plan is not enough for preemption; the state law in question must make reference to or function with respect to the ERISA plan. Forbus v. Sears Roebuck & Co., 30 F.3d 1402 (11th Cir. 1994). This court must determine whether plaintiff's complaint seeks to enforce an ERISA agreement or asserts rights to future benefits under an ERISA plan. Wright, 262 F.3d at 613-14.

A law "relates to" an employee welfare plan if it has a connection with or reference to such a plan. FMC Corp. v. Holliday, 498 U.S. 52, 68 (1990); Shaw v. Delta Air Lines, 463 U.S. 96-97 (1983). State law includes "all laws, decisions, rules, regulations, or other State action having the effect of law[.]" 29 U.S.C. §1144(c)(1). Thus, a state law may relate to a benefit plan for preemption purposes even if the law is not specifically designed to affect such plans, or the effect is only indirect. Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).

However, state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted. Shaw, 463 U.S. at 100 n. 21; Cromwell, 944 F.2d at 1276. In deciding whether state law claims are preempted by ERISA, courts focus on the remedy sought by plaintiff. Lion's Volunteer Blind Indus., Inc. v. Automated Group Admin., Inc., 195 F.3d 803, 806 (6th Cir. 1999).

A state law claim only peripherally affects a plan where a plaintiff refers to a benefit plan to support an employment discrimination claim, or where a plaintiff simply refers to specific, ascertainable damages by citing a life insurance contract. Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003). In Marks, the court held that plaintiff's claim

5

for wrongful rejection of his termination notice to avoid paying him funds he would otherwise be entitled to under an employee benefit plan was not preempted where plaintiff simply sought damages equaling the benefits he would have received under the plan, and where the reference to plan benefits was only a way to articulate specific, ascertainable damages.  Id. at 453.

In Peters, the court held that a wrongful discharge claim which included incidental damages for loss of benefits under an ERISA-based plan was not preempted because all that was needed was a simple mathematical calculation of benefits, and the claimed damages thus related only peripherally to the ERISA plan.  Peters, 285 F.3d at 469.

In Wright, 262 F.3d at 615, the court noted that plaintiff's reference to defendant's life insurance plan was simply a reference to specific, ascertainable damages she claimed to have suffered as a proximate result of her discriminatory termination.  The court concluded that plaintiff's case was not one alleging the wrongful withholding of ERISA covered plan benefits, but instead was a lawsuit claiming race and sex discrimination and retaliation resulting in damages, "one component of which is a sum owed under the provision of the GM plan."  Id.  See also Funkhouser v. Wells Fargo Bank, N.A., 289 F.3d 1137, 1143-44 (9th Cir. 2002)(claim does not "relate to" an ERISA plan simply because a court would refer to the plan in calculating damages, noting that otherwise "ERISA would preempt most garden-variety wrongful termination suits because the value of employee benefits would be relevant in calculating damages."); Forbus, 30 F.3d at 1406-07 (fact that plaintiffs' damages may be affected by calculation of pension benefits is not

6

sufficient to warrant preemption); Burks v. Amerada Hess Corp, 8 F.3d 301, 306 (5th Cir. 1993), abrogated on other grounds, Giles v. NYLCare Health Plans, Inc., 172 F.3d 332 (5th Cir. 1999)(claim that unlawful termination resulted in loss of benefits not preempted by ERISA).

III. Claim Within the Civil Enforcement Provisions of §1132(a)

A. Actions within Scope of §1132(a)

The second component of complete preemption requires that this court be able to characterize the state law claim as an ERISA enforcement action under §1132(a). Section 1132(a)(1)(B) authorizes a plan participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Preemption has been found where the plaintiff's claims seek relief within the scope of §1132(a). See Peters, 285 F.3d at 468-69 (breach of promises claim preempted where plaintiff admitted in deposition that he was seeking to clarify his rights to future benefits under ERISA plan).

However, §1132(a) is inapplicable where plaintiff is not seeking relief as a participant or beneficiary of the plan for benefits due or to enforce the terms of the plan, or any other relief provided by that section. See Toumajian, 135 F.3d at 656-657 (no preemption where relief sought by plaintiff did not fall within scope of §1132(a)); Perry v. P*I*E Nationwide Inc., 872 F.2d 157, 162 (6th Cir. 1989)(no preemption where plaintiffs did not seek plan benefits). The mere reference to plan terms as a measure of damages is not sufficient to convert a state law claim into one seeking benefits from a plan. See Wright, 262 F.3d at 614-15

7

(reference to life insurance benefits lost as a result of wrongful termination not sufficient to constitute a claim for benefits under §1132(a)).

B. Standing

Complete preemption occurs only if plaintiff's claims are the equivalent of an ERISA civil enforcement action. Ward v. Alternative Health Delivery Systems, Inc., 261 F.3d 624, 627 (6th Cir. 2001). As the Supreme Court stated in Aetna Health Inc. v. Davila, 342 U.S. 200, 124 S.Ct. 2488, 2496 (2004), "if an individual, at some point in time, could have brought his claim under ERISA [§1132(a)(1)(B)], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted[.]" In Aetna Health, the Supreme Court found that since the plaintiffs could have paid for the unapproved medical treatment themselves and then filed an action under §1132(a)(1)(B) for reimbursement of expenses, their bad faith insurance claims were preempted. Id. at 2497.

A plaintiff's claims are not equivalent to an ERISA civil enforcement action where the plaintiff is not a plan participant or beneficiary with standing to assert claims under ERISA. Ward, 261 F.3d at 627. Where the plaintiff lacks standing under ERISA, the plaintiff's state law claims do not confer federal subject matter jurisdiction. Id. See also Agrawal v. Paul Revere Life Ins. Co., 205 F.3d 297, 302 (6th Cir. 2000), abrogated on other grounds, Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon, 541 U.S. 1 (2004)(Congress did not intend to create an enforcement mechanism to bind non-ERISA parties who are not participants or

8

beneficiaries); <u>Michigan Affiliated Healthcare System Inc. v. CC Systems Corp. of Michigan</u>, 139 F.3d 546, 550 (6th Cir. 1998)(claims by anyone other than a participant or beneficiary fall outside the scope of ERISA's civil enforcement action and must be remanded to state court); <u>Zuniga v. Blue Cross and Blue Shield of Michigan</u>, 52 F.3d 1395, 1399 (6th Cir. 1995)(claim seeking recovery of benefits from an employee benefit plan not covered by §1132(a)(1)(B) where plaintiff was not a plan participant or beneficiary).

An action under ERISA may be brought by a "participant" in or "beneficiary" of an ERISA plan.  29 U.S.C. §1132(a)(1).  A "participant" is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan[.]"  29 U.S.C. §1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. §1002(8).  A former employee is a participant under ERISA if he has "a reasonable expectation of returning to covered employment or a colorable claim to vested benefits."  <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 117 (1989).

In <u>Curtis v. Nevada Bonding Corp.</u>, 53 F.3d 1023 (9th Cir. 1995), the court applied these principles to the case of an employee who was promised health benefits, but who was diagnosed with cancer and terminated from his employment prior to becoming eligible to participate in the employer's health plan.  The court noted that the plaintiff had no reasonable expectation of returning to covered employment in light of the defendants' termination of his employment, and that he had no colorable claim to benefits

9

under the group health plan because he was diagnosed with cancer before he was eligible for participation in the plan. Id. at 1027-28. The court further held that the employer's oral promise to provide benefits to the plaintiff was not sufficient to create a separate employee welfare benefit plan in which plaintiff was a participant. Id. at 1028 (noting that ERISA coverage extends to an arrangement sufficiently specific to enable a reasonable person to ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits). See also International Resources, Inc. v. New York Life Ins. Co., 950 F.2d 294, 297 (6th Cir. 1992)(to determine if employment agreement is an ERISA plan, the test is whether a "reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits" from reading contract).

IV. Plaintiff's Claims

In her complaint, plaintiff alleges that she was employed by the defendant from November of 20004 through February of 2005. Complaint, ¶ 1. Plaintiff alleges that her employment was pursuant to an oral employment contract. Complaint, ¶ 3. Plaintiff states that she was "promised an increase in base pay after 30 days, and another increase in base pay after 6 months, plus health insurance[.]" Complaint, ¶ 4. Plaintiff was allegedly unlawfully terminated on February 7, 2005. Complaint, ¶ 6.

In her first cause of action for breach of contract, plaintiff repeats her assertion that she entered into an oral employment contract with the defendant, under which the defendant agreed, among other things, to provide health insurance to plaintiff.

Complaint, ¶ 8. Plaintiff alleges that during the course of her employment, defendant failed to increase her base pay, failed to give her earned bonus incentives, and failed to provide her with health insurance. Complaint, ¶ 9.

In her second cause of action for promissory estoppel, plaintiff alleges that she resigned from a more lucrative job position to accept employment with defendant based on his promises, including the promise that plaintiff would be provided with health insurance. Complaint, ¶ 12. In her fifth cause of action for fraud, plaintiff alleges that defendant made false statements to induce her to enter into the employment contract, upon which plaintiff relied to her detriment, and that defendant failed to provide the promised salary and benefits, including health insurance. Complaint, ¶¶ 36, 39. Plaintiff's third and fourth causes of action for sex discrimination and intentional infliction of emotional distress contain no references to health insurance benefits. In her prayer for relief, plaintiff seeks various damages, including "compensation for lost pay, pension, insurance, and other fringe benefits."

Plaintiff states that she is not seeking to recover benefits from an ERISA plan, and that her claims are not properly characterized as amounting to an enforcement action under ERISA. Rather, plaintiff argues that health insurance and other fringe benefits are merely components of her breach of contract and sex discrimination claims. The face of the complaint also indicates that plaintiff was never an ERISA participant or beneficiary. Plaintiff alleges that the defendant never provided her with health insurance, and she was only employed by the defendant for a period

of three months. The record fails to identify any ERISA plan in which plaintiff was a participant or beneficiary. Since plaintiff's employment was terminated, she has no reasonable expectation of returning to covered employment. She has no colorable claim to benefits because she was never provided with health insurance. There is no indication in the record that she was a participant in or beneficiary of any ERISA plan. In other words, there is no support in the record for a finding that plaintiff "at some point in time, could have brought [her] claim under ERISA [§1132(a)(1)(B)]." Aetna Health, 124 S.Ct. at 2496. Since plaintiff is not an ERISA participant or beneficiary, she lacks standing to bring an enforcement action under ERISA, and her state law claims may not be characterized as an ERISA enforcement action.

Defendant relies on Bhandari v. Unison Behavioral Health Group, Inc., 338 F.Supp.2d 818 (N.D.Ohio 2004). In that case, the plaintiff sued his employer for the refusal to provide benefits under the terms of a written employment contract which was found by the court to be sufficient to constitute an ERISA plan. Bhandari is distinguishable because the plaintiff in that case actually received health insurance coverage pursuant to his employment agreement for over a year before he was involuntarily demoted and lost benefits. Thus, the standing of the plaintiff to bring a claim for benefits as a plan participant was not at issue in that case. In the present case, plaintiff was never a plan participant because she was never provided with health insurance.

The court concludes that an essential prerequisite for removal based on complete preemption under ERISA has not been satisfied in

12

this case. Plaintiff's claims cannot reasonably be characterized as an enforcement action under §1132(a). Plaintiff does not seek to recover benefits from an ERISA plan, and plaintiff does not have standing as a plan participant or beneficiary to bring an enforcement action under ERISA. Since plaintiff's claims do not constitute a civil enforcement action under ERISA, complete preemption is lacking, and this court does not have subject matter jurisdiction over plaintiff's claims. Plaintiff's motion to remand this case to state court is granted. This court will not address the issue of whether plaintiff's claims "relate to" an ERISA plan under §1144(a), and will leave that matter for the state court to resolve on remand. This case is hereby remanded to the Court of Common Pleas of Fairfield County, Ohio.

V. Attorney's Fees

Plaintiff has requested an award of attorney's fees pursuant to 28 U.S.C. §1447(c). That section provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal[.]

An award of attorney's fees under that section rests within the sound discretion of the court. Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238, 240 (6th Cir. 1993)(upholding award of attorney's fees upon remand in ERISA case where district court found that wrongful termination claims based on discrimination and breach of contract were not preempted). A finding of an improper purpose is not required to support an award of fees. Id. A district court abuses its discretion by refusing to award fees

13

where the defendant's argument for removal was "'devoid of even fair support.'" <u>Bartholomew v. Town of Collierville, Tenn.</u>, 409 F.3d 684, 687 (6th Cir. 2005)(quoting <u>Ahern v. Charter Township of Bloomfield</u>, No. 97-1187 (unpublished), 1998 WL 384558 at *2 (6th Cir. June 18, 1998)).

This court concludes that the defendant's argument for removal in this case was "devoid of even fair support." Defendant relies on <u>Bhandari</u> as a basis for removal, but that case is clearly distinguishable from the case at bar. Based on the Sixth Circuit and Supreme Court precedent discussed above, defendant should have been aware that plaintiff's complaint did not present a reasonable argument for removal based upon complete ERISA preemption. Plaintiff's request for attorney's fees and costs in connection with the removal is granted. Plaintiff shall file an itemized statement of attorney's fees and costs with the court no later than thirty days from the date of this order.

It is so ordered.

Date: October 24, 2005         <u>     s\James L. Graham         </u>
                               James L. Graham
                               United States District Judge